**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Issac Kenneth CALL, Defendant–Appellant.**

No. 03–5101.

United States Court of Appeals, Sixth Circuit.

April 22, 2004.

Perry H. Piper, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Issac Kenneth Call, Federal Correctional Institute, Petersburg, VA, pro se.

Before BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

## ORDER

Issac Kenneth Call appeals from his judgment of conviction and sentence. The government has waived oral argument, and this court construes Call's failure to respond to its show cause letter concerning oral argument as a waiver of such argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Call pleaded guilty to conspiring to distribute over five kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) & 846. The district court sentenced Call to 150 months of imprisonment and five years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Call argues that: 1) the district court should have departed downward from his Sentencing Guidelines range due to Call's diminished capacity; and 2) the district court improperly increased Call's Guidelines range by two levels for a leadership role in the offense under USSG § 3B1.1(c).

■ Call's first issue is not reviewable on appeal. This court cannot review a district court's denial of a downward departure unless the district court incorrectly believed that it lacked the authority to grant such a departure as a matter of law. *United States v. Solorio,* 337 F.3d 580, 602 (6th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 850, 157 L.Ed.2d 723 (2003) and —— U.S. ——, 124 S.Ct. 857, 157 L.Ed.2d 730 (2003); *United States v. Farrow,* 198 F.3d 179, 199 (6th Cir.1999).

Since the district court was clearly aware of its discretion to depart downward when it denied Call's motion, his challenge to the district court's decision is not appealable. Call argued that he was entitled to a downward departure from his Guidelines range because of diminished capacity under USSG § 5K2.13. While the district court did not expressly state that it recognized its discretion to depart in the case, the court entertained Call's motion and denied it on the merits.

■ Call's argument that the district court improperly increased his Guidelines range by two levels for a leadership role in the offense under USSG § 3B1.1(c) is without merit. Section 3B1.1(c) provides for a two-level increase if the defendant was an organizer, leader, manager, or supervisor in any criminal activity. To qualify for this adjustment, the defendant must have exerted control over at least one other participant in a supervisory, managerial, leadership, or organizational capacity. *United States v. Anderson,* 353 F.3d 490, 506 (6th Cir.2003); *United States v. Caseslorente,* 220 F.3d 727, 734–35 (6th Cir. 2000).

The government met its burden of demonstrating that Call's Guidelines range should be increased under § 3B1.1(c). The government presented evidence that Call had met with an undercover detective to arrange for a drug purchase of ten kilograms of cocaine. Call was looking to enter into a long-term relationship with a supplier. While Call would not be delivering the cash or picking up the cocaine because of physical disabilities, he would be responsible for arranging the purchases, and a co-conspirator would be picking up the cocaine at Call's direction. Call acknowledged in his plea agreement that his role in the conspiracy was to set up the drug transaction with the undercover detective.

Accordingly, this court affirms the district court's judgment.